506 P.2d 1061

**STATE of Arizona, Appellee,**

v.

**Felipe ROCHA, Appellant.**

**No. 2397.**

Supreme Court of Arizona, In Banc.

March 2, 1973.

**168**

Gary K. Nelson, Atty. Gen., by Peter M. Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Roger H. Lichty, Deputy Public Defender, Phoenix, for appellant.

HAYS, Chief Justice.

Defendant, Felipe Rocha, appeals from a judgment entered upon a jury verdict of guilty of robbery, and from his sentence of five to seven years in prison.

The facts indicate that the victim was Sylvester Dominguez, a 79-year-old man, blind in one eye and with very little sight in the other. He was also nearly deaf. An interpreter was needed at the trial. The defense was alibi.

Only one issue is raised on appeal—namely, whether the in-court identification was unduly suggestive, and a violation of due process under the fourteenth amendment to the United States Constitution.

The evidence showed that the victim had just come out of the door to his living quarters, with $26 in bills with which he intended to pay his rent. At the same time, defendant exited from a station wagon and attacked the old man; stealing his money and a ring. Identification in court was by the victim and by a lady named Aurora Pacheco. The latter saw him and identified him before the jury. The State also tried to get the victim to identify defendant. Because of the latter's bad sight and bad hearing, plus an interpreter who did not function too well, the interrogation of the victim was drawn out and frequently unintelligible. However, it was clearly proven by the victim's testimony that he saw his attacker up close and recognized him as the defendant, whom he had known for over ten years.

In order to identify defendant in court, it was necessary to require defendant to step up to within a few feet from the victim, who then was quite positive that it was Felipe Rocha and was the man who had robbed him. The defense took exception to the "one-man lineup" as being suggestive and violative of State v. Dessureault, 104 Ariz. 380, 453 P.2d 451; Stovall v. Denno, 388 U.S. 293, 18 L.Ed.2d 1999, 87 S.Ct. 1967; and United States v. Wade, 388 U.S. 218, 18 L.Ed.2d 1149, 87 S.Ct. 1926.

These cases hold that an out-of-court lineup is a critical stage of the proceedings in a criminal case and that, therefore, the accused is entitled under most circumstances to have his lawyer present. They do not purport to affect the in-court identification, unless it is tainted by a previous unduly suggestive out-of-court identification. Defendant contends that since the court permitted and required defendant to approach the victim, who was on the witness stand, alone, this was the equivalent to a one-man lineup and therefore unduly suggestive. We hold that this point is not well taken.

Mrs. Pacheco identified defendant, saw the attack, called the police, and took pictures of the victim who was left quite bloody from the attack which knocked him unconscious. She also identified defendant in court, but defendant argues that the suggestive identification by the victim "precluded any reasonable possibility that an independent source of identification would have had a material bearing on the

witness making his final identification of the defendant." We are unable to agree with this argument.

 It is our holding that the victim knew his attacker, knew that his attacker was the defendant, and sufficiently identified him in court. That, together with the identification by Mrs. Pacheco, provides ample evidence to sustain the jury's verdict of guilty.

Judgment affirmed.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD, and HOLOHAN, JJ., concur.